IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Criminal No: 2:21-cr-341 |
| | ) |
| | ) |
| -versus- | ) **PLEA AGREEMENT** |
| | ) |
| | ) |
| **MAURICE MITCHELL** | ) |
| **a/k/a "Frapp"** | ) |

### General Provisions

This PLEA AGREEMENT is made this 29th day of _November_, 2022, between the

United States of America, as represented by United States Attorney, ADAIR F. BOROUGHS,

Assistant United States Attorney Sean Kittrell; the Defendant, **MAURICE MITCHELL, a/k/a**

**"Frapp,"**, and Defendant's attorney, Grady Query, Esquire.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1.   The Defendant agrees to plead guilty to Counts 1, 14, and 15 of the Second Superseding

Indictment now pending.

### COUNT 1

Count 1 charges the Defendant with Conspiracy to Possess with Intent to Distribute and to

Distribute 400 Grams or More of Fentanyl, and a Quantity of Cocaine, Heroin, and

Methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a), 841(b)(1)(A). Count 1 alleges:

> That beginning at a time unknown to the Grand Jury, but beginning in at least the
> Spring of 2019, and continuing thereafter, up to and including the date of this
> Second Superseding Indictment, in the District of South Carolina and elsewhere,
> the Defendants, ABEL ARANDA-SALGADO, a/k/a "Carlos," a/k/a "Abe," GENO
> CURTIS WHITE, JR., EBONY WILLIAMS, MAURICE ADAMS, a/k/a "Black,"
> EMILY MOORE, XAVIER WILLIAMS, a/k/a "P," a/k/a "Pretty," BRIANNA
> WHITE, MARCUS NOTTAGE, a/k/a "Studda," **MAURICE MITCHELL, a/k/a**
> **"Frapp,"** JESUS WILSON-LOMBIDA, BRIAN ROQUE, JORGE ESTRADA,

ALIF WILLIAMS, ISAIAH SPANN, and TEVON GATHERS, a/k/a "T-Bone," knowingly and intentionally did combine, conspire, agree and have tacit understanding with each other and with others, both known and unknown to the Grand Jury, to possess with intent to distribute and to distribute N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as "fentanyl"), methamphetamine, and cocaine, all Schedule II controlled substances, and heroin, a Schedule I controlled substance,

With respect to **MAURICE MITCHELL, a/k/a "Frapp,"** the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 400 grams or more of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as "fentanyl"), and a quantity of cocaine, heroin, and methamphetamine. This is a violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 841(b)(1)(C).

## Elements for Count 1

In order to sustain its burden of proof, the Government is required to prove the following:

A.   There was an agreement between two or more persons to possess with intent to distribute and to distribute controlled substances, that is fentanyl, cocaine, heroin, and methamphetamine, as charged in Count 1;

B.   The Defendant knowingly and voluntarily participated in or became part of this agreement;

C.   The Defendant distributed a quantity of the controlled substances equal to or in excess of the amounts charged in Count 1, agreed to assist in the distribution of a quantity of the controlled substances equal to or in excess of the amounts charged in Count 1, or the distribution of the threshold quantity of the controlled substances equal to or in excess of the amount charged in Count 1 was reasonably foreseeable to the Defendant and the same was within the scope of the Defendant's agreement and understanding, that is, 400 grams or more of a mixture or substance containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as "fentanyl") and a quantity of cocaine, heroin, and methamphetamine.

## Penalty for Count 1

*21 U.S.C. § 841(b)(1)(A); 21 U.S.C. § 851 involving 400 Grams or More of a Fentanyl*
Imprisonment: not less than 15 years and up to Life
Supervised Release: not less than 10 years and up to Life
Fine: Up to $20,000,000.00
Special Assessment: $100.00

### Penalty for Count 1
*21 U.S.C. § 841 (b)(1)(C); 21 U.S.C. § 851 involving a quantity of cocaine, heroin, and methamphetamine*

Imprisonment: up to 30 years
Supervised Release: not less than 6 years and up to Life
Fine: Up to $2,000,000.00
Special Assessment: $100.00

## COUNT 14

The Defendant is also pleading guilty to Count 14 which charges the Defendant with

Possession with Intent to Distribute a Quantity of Fentanyl and Methamphetamine. This is

a violation of 21 U.S.C. § 841(a) and (b)(1)(C). Count 14 alleges:

> That on or about September 24, 2021, in the District of South Carolina, the Defendant, **MAURICE MITCHELL, a/k/a "Frapp,"** knowingly, intentionally, and unlawfully did possess with intent to distribute a quantity of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (commonly known as "fentanyl") and methamphetamine, both Schedule II controlled substance, and heroin, a Schedule I controlled substance.

### Elements for Count 14
In order to sustain its burden of proof, the Government is required to prove the following:

A.   The Defendant possessed the amount of controlled substances alleged in the Second Superseding Indictment, that is a quantity of fentanyl, methamphetamine and heroin;

B.   The Defendant knew that the substances possessed were controlled substances under the law at the time of the possession; and

C.   The Defendant did so with the intent to distribute the controlled substances.

### Penalty for Count 14
*21 U.S.C. § 841(b)(1)(C); 21 U.S.C. § 851 involving a quantity of fentanyl, methamphetamine and heroin*

Imprisonment: up to 30 years
Supervised Release: not less than 6 years and up to Life
Fine: Up to $2,000,000.00
Special Assessment: $100.00

## COUNT 15

The Defendant is also pleading guilty to Count 15 which charges the Defendant with

Possession of a Firearm by a Convicted Felon. This is a violation of 18 U.S.C. §§ 922(g)(1),

924(a)(2), and 924(e) and alleges:

> That on or about September 24, 2021, in the District of South Carolina, the Defendant, **MAURICE MITCHELL, a/k/a "Frapp,"** knowingly did possess firearms, in and affecting commerce, that is, a Smith & Wesson, model M&P Shield, 9mm handgun; a Taurus, model Protector Poly, .357 caliber revolver; and a Taurus, model G2c, 9mm handgun, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, and knowing that he had been convicted of such a crime.

### Elements for Count 15

In order to sustain its burden of proof, the Government is required to prove the following:

A.    The Defendant knowingly possessed a firearm, that is a Smith & Wesson M&P Shield 9mm handgun, a Taurus Protector Poly .357 caliber revolver, and a Taurus 9mm handgun;

B.    At the time of the possession, the Defendant previously had been convicted of a crime punishable by imprisonment for a term exceeding one year;

C.    The Defendant knew he had been convicted of such a crime; and

D.    The firearm had previously traveled in interstate commerce.

### Penalty for Count 15

*18 U.S.C. § 922(g), with 3 prior qualifying convictions*
Imprisonment: not less than 15 years and up to Life
Supervised Release: Up to 5 years
Fine: Up to $250,000.00
Special Assessment: $100.00

*18 U.S.C. § 922(g), without 3 prior qualifying convictions*
Imprisonment: Up to 10 years
Supervised Release: Up to 3 years
Fine: Up to $250,000.00
Special Assessment: $100.00

2.    The Defendant understands and agrees that monetary penalties [i.e., special assessments,

restitution, fines and other payments required under the sentence] imposed by the Court

are due and payable immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 U.S.C. § 3613. In the event the Court imposes a schedule for payment of restitution, the Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the Government from seeking to enforce the judgment against other assets of the Defendant at any time, as provided in 18 U.S.C. §§ 3612, 3613 and 3664(m). The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Repayment Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

- A. Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing or during participation in the Bureau of Prisons Inmate Financial Repayment Program if this plea results in incarceration.

- B. Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by his scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendant agrees to cooperate fully with the Government in identifying all victims. Upon demand, the Defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding the Defendant's capacity to satisfy any fines or restitution. The Defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on the Defendant in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. The Defendant understands that the Defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

- C. Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3.    The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

4.    Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss the remaining counts of the Second Superseding Indictment [and any other indictments under this number] at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to §1B1.3 of the United States Sentencing Commission Guidelines.

5.    The Defendant stipulates and agrees that he has at least 1 prior serious drug felony that has become final and that the Attorney for the Government has filed an Information pursuant to 21 U.S.C. §§ 851 which subjects him to enhanced penalties. The Defendant further stipulates and agrees that this paragraph and the Information that has been filed pursuant thereto fulfills the requirements of § 851, including service, and constitutes adequate and sufficient notice of the above referenced qualifying prior convictions for purposes of that statute. The Defendant agrees to not contest the Information that has been filed pursuant to 21 U.S.C. § 851 in accordance with this paragraph.

## Forfeiture

6.    The Defendant agrees to voluntarily surrender to, and not to contest the forfeiture of any and all assets and property, or portions thereof, which are subject to forfeiture pursuant to

any provision of law, including but not limited to, property in the possession or control of

the Defendant or Defendant's nominees. Specifically, the Defendant agrees to voluntarily

surrender, and not contest the forfeiture of property identified in the Second Superseding

Indictment, and any forfeiture Bill of Particulars:

Proceeds/Forfeiture Judgment:

A sum of money equal to all property the Defendant obtained as a result of the drug
offenses charged in the Second Superseding Indictment, and all interest and
proceeds traceable thereto as a result for his violations of 21 U.S.C. §§ 841, 846.

Cash/United States Currency:

$97,845.00 in United States currency seized from
MARCUS NOTTAGE, a/k/a "Studda, and " MAURICE MITHCELL, a/k/a
"Frapp"
Asset ID: 21-DEA-679346

With regard to each and every asset listed in the Superseding Indictment or seized in a

related investigation or administrative, state, or local action, the Defendant stipulates and

agrees:

The Defendant agrees and consents to the forfeiture of these assets pursuant to any
federal criminal, civil judicial or administrative forfeiture action. The Defendant also
hereby agrees to waive all constitutional, statutory and procedural challenges in any
manner (including direct appeal, habeas corpus, or any other means) to any forfeiture
carried out in accordance with this Plea Agreement on any grounds, including that the
forfeiture described herein constitutes an excessive fine, was not properly noticed in
the charging instrument, addressed by the Court at the time of the guilty plea,
announced at sentencing, or incorporated into the judgment.

To its forfeiture herein, if necessary as substitute property under 21 U.S.C. § 853(p), as
made applicable by 18 U.S.C. § 982(b)(1) or any other statute, or in a separate
administrative or civil judicial proceeding.

That the Defendant has or had a possessory interest or other legal interest in each item
or property.

To assist the United States in the recovery of all assets by (i) taking whatever steps are
necessary or requested by the United States to pass clear title to the United States; (ii)
preventing the disbursement of any moneys and sale of any property or assets; (iii) not

encumbering or transferring any real estate after the Defendant's signing of this Plea Agreement; and (iv) directing all financial institutions to turn over and surrender to the United States all funds and records regarding accounts listed in any document signed by the Defendant pursuant to this plea agreement, as criminal proceeds or substitute property.

The Defendant waives all rights to notice of forfeiture under Rule 32.2 and of any other action or proceeding regarding such assets. The Defendant consents and waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a). Any related administrative claim filed by the Defendant is hereby withdrawn.

Pursuant to Rule 32.2(b)(4), the Defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the Defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the Defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

If the United States discovers that the Defendant has not fully disclosed all assets, the United States may seek forfeiture of any subsequently-discovered assets, and the Defendant agrees to the immediate forfeiture of any such assets.

The Defendant further agrees to make a full and complete disclosure of all assets over which Defendant exercises control and those which are held or controlled by nominees. The Defendant agrees that Federal Rule of Criminal Procedure 11 and § 1B1.8 of the United States Sentencing Commission Guidelines will not protect from forfeiture, assets disclosed by the Defendant as part of his cooperation. The Defendant further agrees to submit to a polygraph examination on the issue of assets if it is deemed necessary by the United States.

The Defendant agrees to waive any double jeopardy claims the Defendant may have as a result of a forfeiture proceeding against any of these properties as provided for by this Plea Agreement and agrees to waive any claims that the forfeiture described herein constitutes an excessive fine.

Forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture. The United States may use the value of forfeited property for restitution, but is not required to do so.

7.    The Defendant also agrees to voluntarily transfer all right, title, interest and claim in the

above-described property and/or assets to the United States of America. Furthermore, the

Defendant attests, under penalty of perjury, that the Defendant owns the above-described

property and/or assets free of any liens and encumbrances, and that no other person or entity has a claim to the above-described property and/or assets.

### Merger and Other Provisions

8.    The Defendant represents to the court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Second Superseding Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the Government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

9.    The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. §

2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the Defendant's sentence. This Agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

10. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

11. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

11/29/22
Date

29 Nov 2022
Date

Maurice M Mitchell
Maurice Mitchell
Defendant

O. Grady Query, Esquire
Defense Attorney

ADAIR F. BOROUGHS

UNITED STATES ATTORNEY
DISTRICT OF SOUTH CAROLINA

By:  *s/ Sean Kittrell*
       Sean Kittrell, Fed. ID # 6032
       Assistant United States Attorney
       151 Meeting Street, Suite 200
       Charleston, South Carolina 29401
       (843) 727-4381